UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANK WHEATLEY, III, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 15-CV-188-FHM |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff, Frank Wheatley, III, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Frank Wheatley, III's application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) Richard J. Kallsnick was held October 16, 2013. By decision dated November 29, 2013, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on February 8, 2015. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 59 years old on the alleged date of onset of disability and 63 years old on the date of the denial decision. He has a high school education and no past relevant work. Plaintiff claims to have been unable to work since January 25, 2010 due to neck problems and a hernia. [R. 128].

## The ALJ's Decision

The ALJ determined that the Plaintiff has severe impairments relating to affective mood disorder, personality disorder, and substance addiction disorder. [R. 13]. The ALJ found that the Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels. Plaintiff can carry out some, but not all complex tasks with routine supervision, superficial contact with co-workers and supervisors in environments

that allow for greater independence and task completion, and occasional interaction with the general public. [R. 16].

The ALJ determined that although Plaintiff has no past relevant work, based on the testimony of the vocational expert, there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 28-29]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ's residual functional capacity (RFC) determination was not supported by substantial evidence.

## Analysis

The ALJ's decision focuses mainly on Plaintiff's mental impairments. The ALJ found that Plaintiff's physical impairments were non-severe. The court finds that the ALJ accurately summarized the medical record and made an RFC finding supported by substantial evidence. Plaintiff argues for a different conclusion by pointing out information within the medical record which might arguably support a conclusion different from the one reached by the ALJ. However, to establish error, the Plaintiff must show that the evidence is so overwhelming that no reasonable ALJ would fail to make the finding Plaintiff asserts is proper. Absent such a showing, the court is bound by the determination made by the ALJ as the finder of fact. "The findings of the Commissioner of Social Security as to any

fact, if supported by substantial evidence, shall be conclusive [.]" 42 U.S.C. § 405(g).[2] The court finds that Plaintiff has pointed out the existence of contrary evidence in the record, but not the absence of substantial evidence to support the ALJ's RFC finding.

The ALJ noted the existence of a hernia and that surgery was scheduled on one occasion[3] but subsequently it was determined that surgery was not necessary. Plaintiff was diagnosed with chronic obstructive pulmonary disease (COPD) but, despite the fact Plaintiff is a heavy smoker, there have been no exacerbations, and chest x-ray was negative. Plaintiff reported cervical problems resulting from a car accident but normal range of motion was recorded. Gastroesophageal reflux disease was treated conservatively. The ALJ accurately recounted the medical record related to these conditions and noted Plaintiff has been given no specific limitation related to any of these conditions. [R. 13, 17, 18, 20, 21, 22, 24, 27].

Plaintiff argues that the ALJ erred by finding he was capable of performing a full range of work at all exertional levels. Plaintiff contends that the RFC did not accurately portray Plaintiff's physical impairments and limitations which included an abdominal ventral hernia[4], advanced degenerative cervical changes with bony foraminal narrowing, cirrhosis of the liver, hepatis C, gallstones, and chronic obstructive pulmonary disease (COPD).

---

[2] *See also Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007)(on appeal court reviews only sufficiency of evidence, not its weight); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (court may not reweigh evidence and displace agency choice between two fairly conflicting views, discussing meaning of substantial evidence); *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994) (evidence is insubstantial if it is overwhelmingly contradicted by other evidence).

[3] Plaintiff stated that he was unable to undergo hernia surgery due to discovery of hepatitis C. There is, however, no confirmation in the medical record to confirm that statement.

[4] Ventral hernia is a bulge through an opening in the muscles on the abdomen that commonly occurs along the midline of the abdominal wall that can occur at the site of a surgical scar. www.healthline.com.

Further, Plaintiff contends the ALJ erred by failing to find these physical impairments "severe" at step two of the sequential evaluation. [Dkt. 16, p. 6-8].

At step two of the evaluative sequence, the ALJ must determine whether Plaintiff suffers from severe impairments. That is all that is required of the ALJ at step two. *Oldham v. Astrue,* 509 F.3d 1254, 1256 (10th Cir. 2007). Once an ALJ finds that a claimant has at least one severe impairment, a failure to designate others as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps "consider[s] the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. §§ 404.1521, 416.921; *see also* 20 C.F.R. §§ 404.1525(e), 416.945(e); *Mariaz v. Sec'y of Health & Human Servs.,* 857 F.2d 240, 244 (6th Cir. 1987), *Brescia v. Astrue,* 287 Fed. Appx. 616, 629 (10th Cir. 2008). The ALJ's decision demonstrates he considered all of Plaintiff's alleged impairments. The court finds no error in the ALJ's findings at step two.

It is Plaintiff's position that because of his physical impairments, the ALJ's finding that he could lift and carry up to 50 pounds occasionally and 25 pounds frequently as required by medium work is not supported by substantial evidence. Plaintiff claims that the ventral hernia, COPD, and advanced cervical degenerative changes would be negatively affected by the strenuous activity. [Dkt. 16, p. 8]. Plaintiff has a ventral hernia which is described as massive and which measures approximately 20 centimeters in diameter. [R. 18, 271]. The record contains numerous complaints of abdominal pain. [R. 220, 222, 230, 247, 253, 260-61, 399, 425, 443, 512, 672]. Addressing the ventral hernia the ALJ stated:

> The claimant has also alleged impairment related to hernia and it appears that surgery has been scheduled on at least one occasion. However, when seen at Morton Clinic on August 20, 2012, with chief complaint of hernia, it was noted the claimant did have a hernia, but the claimant was simply counseled on regular exercise, diet, low sodium diet, and smoking cessation. (Exhibit 5F, pages 32-34). Also, when seen on July 18, 2013 and examined by Dr. Faher, he stated, "no surgical treatment is necessary." Also, upon discharge on July 19, 2013, the diagnosis was noted to be ventral hernia, without evidence of incarceration or obstruction. (Exhibit 16F, pages 34-52).

[R. 13].

The ALJ noted that although Plaintiff has reported significant pain, no physicians have given Plaintiff specific limitations. [R. 26, 27]. The ALJ acknowledged and discussed the evidence of COPD including Plaintiff's initial diagnosis on December 25, 2012. The ALJ noted Plaintiff's complaints of shortness of breath and left-sided chest pain; Plaintiff's admission that he was a heavy smoker; and chest x-rays which revealed what looked like COPD. The ALJ noted Plaintiff was treated with nebulizations and Solu-Medrol which improved his breathing and there did not appear to have been any exacerbations since the initial diagnosis. [R. 13, 21]. Discussing Plaintiff's cervical problems, the ALJ noted that on March 27, 2013, CT of the cervical spine revealed no evidence of recent fracture. There was evidence of advanced degenerative changes, facet arthrosis, disc space narrowing, and posterior osteophytes. However, Plaintiff had full range of motion. Plaintiff was discharged in stable condition. [R. 22]. Despite the ventral hernia, COPD, and history of fractured cervical vertebrae, the ALJ noted no physical limitations were contained in the record.

Plaintiff contends that the lack of restrictions in the record is not significant because he was not working at the time of treatment, nor was he being seen for the purpose of

establishing disability when he visited health care providers. [Dkt. 16, p. 9] The court finds no error in the ALJ's reliance on the absence of restrictions in the medical records. Lifting, carrying, reaching, walking, and other activities occur outside the work environment. The court has observed restrictions in these activities recorded in medical records, regardless of whether the person being examined is working at the time of an examination. The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis.  See e.g. *Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.), *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue*, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v Apfel*, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250 *1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition).  The court finds that the ALJ appropriately focused on the work-related functional limitations related to the diagnoses in the record.

## **CONCLUSION**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 10th day of June, 2016.

7

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE